UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| DONALD ELLIOTT CROMWELL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7:11-CV-174-KKC |
| ) | |
| V. ) | |
| ) | |
| D. BERKEBILE, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\* \*\* \*\* \*\* \*\*

Donald Elliott Cromwell is a prisoner confined at the United States Penitentiary - Big Sandy in Inez, Kentucky. Cromwell, proceeding without an attorney, has petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Cromwell contends that his conviction is invalid because he was never arraigned on his original indictment prior to its amendment. The Court has reviewed the petition,[1] but must deny relief because Cromwell may not assert his claims in this habeas proceeding pursuant to Section 2241.

On August 20, 2008, Cromwell was indicted in the federal district court in Maryland for robbing in excess of $100,000.00 from an armored truck at gunpoint two weeks before. Cromwell was charged with interfering with interstate commerce by robbery in violation of 18 U.S.C. § 1951;

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(I), (ii); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 924(g)(1). Cromwell was not apprehended for some time, however. While he was still at large, on February 3, 2009, the government filed a superseding indictment, which named Shana Winder as his co-conspirator, added a count for conspiracy to interfere with interstate commerce in violation of 18 U.S.C. § 1951(a), and increased the loss amount to $260,000.00.

Cromwell was apprehended shortly thereafter, and was arraigned before a magistrate on March 13, 2009. Two months later, on May 20, 2009, a second superseding indictment was filed which added five new defendants who allegedly conspired with Cromwell to conduct a series of armored truck robberies beginning in May 2008. Cromwell was arraigned on these new charges on August 7, 2009. Although Cromwell was represented by court-appointed counsel, he filed numerous motions on his own behalf challenging both the amendments to the indictment and its sufficiency, all of which were denied.

Following a seven day trial, on January 12, 2010, the jury found Cromwell guilty on all counts. On April 23, 2010, the trial court sentenced Cromwell to a cumulative term of 1,272 months imprisonment. The Fourth Circuit affirmed his conviction and sentence on November 17, 2011, and the mandate issued on February 1, 2012. *United States v. Cromwell*, No. 1:08-cr-401-RDB (D. Md. 2008). Cromwell has not filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

In his petition, Cromwell correctly notes that he was never arraigned on the original indictment, but only on the superseding indictment on March 13, 2009. He also claims that the prosecutor acted vindictively by amending the original indictment to include the conspiracy charge, and that his counsel was constitutionally ineffective because he did not object to the failure to arraign him on the charges in the original indictment. [R. 1]

The Court will deny the petition because Cromwell may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under Section 2255, or where he did assert his claim in an earlier motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Cromwell's claims are based upon events which occurred during his original criminal proceedings, and thus could and should have been asserted during his trial, direct appeal, or by

motion under Section 2255. *Pointdexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003) (habeas relief under Section 2241 is not available where "for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255.") Because these claims, even if meritorious, did not convict Cromwell of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).").

Further, each of Cromwell's individual claims fails to satisfy the requirements for application of the narrow exception provided by 28 U.S.C. § 2255(e).  *See Burnside v. Lamanna*, 27 F. App'x 439, 440 (6th Cir. 2001) (claim regarding defect in habeas petitioner's indictment was not claim of actual innocence under Section 2241); *Fitchett v. McQuiggan*, 2011 WL 3862362 (E.D. Mich. 2011) (claim that petitioner was not arraigned on murder charge was not a claim of actual innocence cognizable under Section 2241); *Perry v. Sniezek*, 2005 WL 3132494 (N.D. Ohio 2005) (same); *Oguaju v. Eichenlaub*, 2008 WL 2998147, at *4 (E.D. Mich. 2008) (prosecutorial misconduct is not a claim of factual innocence under Section 2241); *Dishman v. Shartle*, 2010 WL 3825463, at *2 (E.D. Ky. 2010) (claims of prosecutorial misconduct and ineffective assistance of counsel may not be asserted under Section 2241); *Mans v. Young*, 36 F. App'x 766, 767-68 (6th Cir. 2002) (ineffective assistance of counsel claim may not be pursued under Section 2241's savings clause where petitioner failed to establish any intervening change in the law and had prior opportunity to

pursue claim in prior Section 2255 motion). Cromwell's petition will therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Cromwell's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

Dated this 10th day of July, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge